**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| William W. Castle, | ) | No. CV 08-1036-PHX-MHM |
| Petitioner, | ) | **ORDER** |
| vs. | ) | |
| Dora B. Schriro, et al., | ) | |
| Respondents. | ) | |

On June 2, 2008, Petitioner, who is confined in the Arizona State Prison system, timely filed a pro se Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Doc. #1). Respondents filed an Answer. (Dkt. #13). Petitioner, in turn, filed a Traverse/Reply. (Dkt. #18).

This matter was referred to U.S. Magistrate Judge Michelle H. Burns, who issued a Report and Recommendation on February 10, 2009, recommending the Petition be denied and dismissed with prejudice. (Dkt. #20). Petitioner filed an Objection (Dkt. #21), Respondents filed a Response (Dkt. #22), and Petitioner replied. (Dkt. #23).

**I.  BACKGROUND**

On March 23, 2005, Petitioner pled no contest to one count of theft and pled guilty to one count of fraudulent schemes and artifices involving a real estate transaction – both are class 2 felonies. (Dkt #13, Exhs. D, F). On July 22, 2005, he received the presumptive

1  sentence of five years for the fraudulent schemes charge and an aggravated sentence of ten
2  years for the theft charge. (Id., Exh. G). Those sentences were ordered to run concurrently.
3  (Id., Exh. H).

4    On January 17, 2006, Petitioner filed his First Petition for Post-Conviction Relief with
5  the state trial court. (Id., Exh. M). In that petition, Petitioner raised the following issues: (1)
6  ineffective assistance of counsel; (2) an inadequate factual basis for the theft charge; (3) the
7  indictment is insufficient as a matter of law; (4) Petitioner did not agree to the plea
8  voluntarily or intelligently; (5) the State violated the terms of the plea agreement; (6) the
9  sentence was based on inaccurate information; (7) the trial court used impermissible factors
10 to aggravate the sentence; and (8) the trial judge was partial and biased. (Id.). On April 25,
11 2006, Petitioner withdrew his ineffective assistance of counsel claim. (Id., Exh. O).

12   The trial court dismissed the Petition on August 14, 2006. (Dkt. #13, Exh. P).
13 Petitioner subsequently filed an appeal with the Arizona Court of Appeals. (Id., Exh. S).
14 While that appeal was pending, Petitioner filed a second petition with the trial court asserting
15 that a significant change in federal law–the right to have aggravating factors charged in an
16 indictment and found by a jury beyond a reasonable doubt pursuant to <u>Cunningham v.</u>
17 <u>California</u>, 549 U.S. 270 (2007) and <u>Blakely v. Washington</u>, 542 U.S. 296 (2004)–entitled
18 him to relief. (Id., Exh. S). That second petition was dismissed by both the trial court and
19 the Arizona Court of Appeals, but it was never appealed to the Arizona Supreme Court. (Id.,
20 Exhs. T, V; Dkt #1, p. 5). Petitioner's first petition was dismissed by the Arizona Supreme
21 Court on March 17, 2008. (Dkt #13, Exh. U).

22   On June 2, 2008, Petitioner filed a Petition for Writ of Habeas Corpus with this Court
23 pursuant to 28 U.S.C. § 2254. (Dkt. #1 ). Petitioner asserts claims five, six, and seven, as
24 well as the claim he raised in his second petition, but does not assert claims two, three, four,
25 and eight. (Id.). Respondents argue that claim five fails on the merits while claims six and
26 seven and the claim in Petitioner's second petition are procedurally defective. (Dkt. #13).

27   On February 10, 2009, U.S. Magistrate Judge Michelle H. Burns issued a Report and
28 Recommendation to dismiss with prejudice the petition. (Dkt. #20). Petitioner filed

1  objections within the ten-day time limit prescribed by 28 U.S.C § 636(b), thereby preserving
2  his right to have this Court review the Report and Recommendation. (Dkt. #21).

## II. STANDARD OF REVIEW

A district court may not review a state prisoner's federal habeas petition unless the petitioner has exhausted his available remedies in state court. 28 U. S. C. § 2254(b)(1)(A); Coleman v. Thompson, 501 U.S. 722, 731 (1991). If the claims have not been properly exhausted, then they are procedurally barred and may not be raised in federal court. Id. On the other hand, if the petitioner successfully exhausted his state remedies, habeas relief may be granted on any claim "adjudicated on the merits" by the state court *only if* the adjudication resulted in a decision contrary to clearly established federal law, as determined by the Supreme Court of the United States, or "a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

A district court reviews *de novo* the magistrate judge's recommendation to grant or deny a habeas petition. 28 U.S.C. § 636(b)(1)(C); United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). And the court may accept, reject, or modify the magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1)(C). However, this Court can only consider claims raised in this Court. See King v. Rowland, 977 F.2d 1354, 1357 (9th Cir. 1992) (finding that a claim not raised in the district court is not cognizable on appeal).

## III. DISCUSSION

### A. Violation of Plea Agreement

Petitioner asserts that the State infringed his Fourteenth Amendment right to due process by violating the terms of the plea agreement. (Dkt. #3, p. 4). According to Petitioner, the Government promised to, but did not, follow the pre-sentence report recommendation at sentencing. (Id.). The record shows that the Government did agree to follow the recommendation of the pre-sentence report. (Dkt. #13, Exh. M(13)). The pre-sentence report recommended "[p]rison, greater than presumptive." (Dkt #13, Exh. M(15)). As indicated in

1 the plea agreement, the presumptive sentence for the fraud charge is five years and the
2 maximum sentence is ten. (Dkt. #13, Exh. F). At the sentencing hearing, the Government
3 recommended a ten-year sentence for the fraud charge. (Dkt. #13, Exh. G, p. 9).
4 Accordingly, the Government did, in fact, follow the pre-sentence report's recommendation:
5 a ten-year aggravated sentence is consistent with a sentence greater than the presumptive;
6 indeed, an "aggravated sentence" and a sentence greater than the presumptive are
7 synonymous. This claim fails.

### B. Sentence Based on Inaccurate Information

Petitioner argues that his right to due process, as guaranteed by the U.S. Constitution, was violated when the trial court allegedly used inaccurate information to sentence him beyond the statutory maximum. (Dkt. #3, p. 6). According to Petitioner, the Government falsely asserted Petitioner "manipulated his victims by using the pretext of being a Christian." (Dkt. #3, pp. 6–7). Additionally, the pre-sentence report concluded that "[t]he defendant's statements regarding his offenses do not appear to show concern for his victims; nor do they suggest he has learned a harsh lesson regarding the consequences of his harmful act." (Id., Exh. D, p. 6). Petitioner argues that this statement is "inaccurate" and "false" because "Petitioner never made any statement" to the probation officer who wrote the report. (Dkt. #3, p. 7).

#### i. Pretext of being a Christian

Petitioner did not raise this claim in his petitions to the trial court or to the Arizona appellate courts. (See Dkt. #13, Exh. M). As noted above, a petitioner's claim is procedurally defective if it has not been exhausted in the state courts, 28 U. S. C. § 2254(b)(1)(A), and to exhaust the available state remedies, the substance of the claim must have been fairly presented to the state courts. Baldwin v. Reese, 541 U.S. 27, 29 (2004). See also Johnson v. Zenon, 88 F.3d 828, 830 (9th Cir. 1996) (holding that to satisfy the exhaustion requirements a petitioner must alert the state courts to a federal constitutional claim regardless of its similarity to other issues raised in state court). It is not enough that all the facts necessary to support the federal claim were before the state courts. Anderson v. Harless, 459 U.S. 4, 6

(1982). Thus, because Petitioner failed to raise this issue in his petitions to the state courts he failed to properly exhaust his available state remedies as required under 28 U.S.C. § 2254. The claim is procedurally defective.

### ii. Conclusions in the Pre-Sentence Report

Petitioner also claims that the pre-sentence report was inaccurate because the officer who wrote the report did not interview Petitioner. (Dkt. #13, Exh. M, p. 15). The pre-sentence report officer admits he did not interview Petitioner. (Dkt. #13, Exh. F, p. 4). Instead, the officer obtained and reviewed statements made by Petitioner from an earlier pre-sentence screening data sheet. (Dkt. #13, Exh. F, p. 4). These facts do not in any way support Petitioner's assertion that the report "inferred [sic] that Petitioner was interviewed by" the pre-sentence report writer. (Dkt. #3, p. 7.).

Petitioner does not dispute the accuracy of the statements contained within the data sheet reviewed by the pre-sentence report officer. Petitioner does, however, take issue with the pre-sentence officer's opinions, which were based on Petitioner's statements. (Id.). These opinions address Petitioner's attitude toward his victims, namely that he did not show concern for his victims and did not appreciate the consequences of his harmful acts. (Id.).

In <u>United States v. Tucker</u>, 404 U.S. 443, 447 (1972), the U.S. Supreme Court upheld an appellate court's order to remand for re-sentencing because the sentence imposed was based in part upon "misinformation of constitutional magnitude." This Court, however, need not reach the question of whether the pre-sentence statements rose to the level of "constitutional magnitude"; they do not constitute misinformation in the first place. The statements in the pre-sentence report that Petitioner has identified are not statements of fact; they are opinions–opinions about Petitioner's attitude and remorse toward his victims–based on Petitioner's own, undisputed statements. Thus, Petitioner's claim lacks merit.

///

### C. Use of Impermissible Aggravating Factors

Petitioner claims that two of the factors the trial court used to aggravate his sentence were impermissible: the value of the property or services Petitioner allegedly stole; and Petitioner's "pretext of being a Christian in order to gain the trust of the victims." (Dkt. #3).

#### i. Value

Petitioner argues that the trial court violated the Double Jeopardy clause of the Fifth Amendment to the U.S. Constitution by referring to the value of the theft. (Dkt. #3, p. 5). In his petition to the state courts, Petitioner argued that the use of "value" to aggravate the sentence was "problematic" and "prohibited," but he made no mention of any federal or constitutional law to support his claim; the only citation he provided was to two Arizona cases interpreting Arizona law. (Dkt. #13, Exh. M, p. 16). Because Petitioner did not raise any federal or constitutional issue this claim was not properly exhausted in the state courts. It is therefore procedurally barred.

#### ii. Religion

In considering the aggravating factors at the sentencing hearing, the state trial court said, "[t]he subterfuge of attempting to bring in the Lord is reprehensible in the view of this Court." (Dkt. #13, Exh. G, p. 36). Petitioner claims that this statement violated the Establishment Clause of the First Amendment to the U.S. Constitution. (Dkt. #3, p. 8). In particular, Petitioner contends that the trial court's statement "substantiates its belief in Christianity" and "is a violation of the First Amendment." (Id.). This claim was properly exhausted in the state courts. (See Dkt. #13, Exh. M).

It is well established that the First Amendment prohibits laws that could lead to the establishment of religion. Lemon v. Kurtzman, 403 U.S. 602, 612 (1971). The First Amendment, as interpreted by the Supreme Court, contemplates three main evils: sponsorship, financial support, and active involvement of the sovereign in religious activity. Id. (citation omitted).

- 6 -

Here, the trial court mentioned *Petitioner's* use of religion to deceive his victims. The court's statement cannot be read to endorse or disparage any particular religious view; rather, it was to highlight and condemn the use of deception for illegal ends. This is a far cry from an establishment of religion. See United States v. Lemon, 723 F.2d 922, 939–40 (D.C. Cir. 1983) (holding that the First Amendment prohibits punishment of an individual for his religious associations *unless the individual intends to further illegal aims*); accord United States v. De La Cruz, 870 F.2d 1192, 1197 (7th Cir. 1989); Kyriacou v. Peralta Cmty. College Dist., 2009 U.S. Dist. LExhIS 32464, at *15 (N.D. Cal. 2009).

Even assuming, *arguendo*, that there was error, that error entitles Petitioner to relief only if the error had a substantial and injurious effect on the fact-finder's decision. Brecht v. Abrahamsom, 507 U.S. 619, 623 (1993); see also Calderon v. Coleman, 525 U.S. 141, 145–57 (1998) (applying the "substantial and injurious effect" standard to constitutional errors in sentencing). Moreover, an error is harmless if the court finds beyond a reasonable doubt that the result would have been the same absent the error. United States v. Zepeda-Martinez, 470 F.3d 909 (9th Cir. 2002) (en banc) (citations omitted).

Here, the record shows that the trial court considered more than just Petitioner's religious pretext in aggravating the sentence. (Dkt. #13, Exh. G, p. 36). The trial court considered the victims' substantial financial loss, the age of victims, the use of accomplices, and Petitioner's principal role in the crime. (Id.). Those factors prove beyond a reasonable doubt that the same result–the aggravated sentence–would have obtained absent the use of religious pretext. Therefore, this Court finds not only that no constitutional error occurred but, even if it had, the error would be harmless.

### D. Second Petition Claim

The claim Petitioner asserted in his second petition (Dkt. #13, Exh. S) was not, as indicated above, appealed to the Arizona Supreme Court. Petitioner thus failed to exhaust his available state remedies as required under 28 U.S.C. § 2254; his claim is procedurally barred.

**Accordingly,**

**IT IS HEREBY ORDERED** adopting the Report and Recommendation (Dkt. #20) as reflected in this Order.

**IT IS FURTHER ORDERED** dismissing with prejudice the Petition for Writ of Habeas Corpus. (Dkt. #1).

**IT IS FURTHER ORDERED** directing the Clerk of the Court to enter judgment accordingly.

DATED this 29th day of June, 2009.

Mary H. Murguia
United States District Judge